O’Neall, J.
The general rule is, that one of several co-partners cannot bind the firm by deed ; but there is an exception to it recognized in the Courts of this State.
Bellinger, for the motion.
Patterson, contra.
In the case of Saunders v. Hughes, decided at this place in December Term, 1828, Judge Nott, after stating the general rule, as 1 have done, says, “ yet where it (the execution of the deed) is done in the presence of, or by the authority of the other, the act of one will be considered the act of both.”
As that case, like many others of its day, settling principles of great importance to the country, may never be reported, it will be well to state the case, so that it may be seen that the principle extracted was not a mere dictum, but an adjudication of the point in controversy. The action was debt on a single bill, (or, as it is more commonly called, a sealed note,) against Joseph Hughes, as the survivor of Joseph Hughes and William Hughes, merchants, trading under the firm of Joseph Hughes Co.
The name of the firm to'the single bill was proved to be in the hand-writing of William. It was proved that Joseph Hughes, after the single bill was executed, admitted it to be just, and promised to pay it: so, too, that he had said it was given for a partnership debt, and he and William’s estate was liable to pay it. The presiding judge ordered a nonsuit; and the motion was to set it aside, which was unanimously granted.
If the deed executed by one co-partner, is executed in the presence, or by the authority of the other, it will be considered the deed of both. The question whether it is to be considered the deed of both, is oftentimes to be solved by a variety of facts : we have seen, from the caso of Saunders ». Hughes, that after acknowledgements will be enough to justify the jury in concluding that the deed sued on was the deed of both. Judge Nott, in that case, speaking of the evidence which I have already stated, said, “ The evidence in this case may have authorised an inference that such authority, (i. e. authority from the partner who did not in fact execute the deed,) had been given, and that was a question for the jury.” ‘ '
In the case before us, on referring to the deed dissolving the firm of Redfield & Dunbar, and which was executed by both partners, the debt now in suit is set down as a debt (to use the words of the deed) “owing by said firm.” This is a plain ac-knowledgement of the legal obligation of the deed on both partners ; and from it we must infer that Redfield had authority from Dunbar to execute it.
The motion to set aside the nonsuit is granted.
Johnson, J. concurred.
Harper, J. absent.